**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| VENKATA R. GHANTA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

**NOW COMES** VENKATA R. GHANTA, through undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

**NATURE OF THE ACTION**

1.  This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and violations of the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code §1788 *et seq.*

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, maintained a dwelling in this judicial district.

5. Defendant maintains its principal place of business as 350 Camino de la Reina, Suite 100, San Diego, California 92108.

6. Defendant "specialize[s] in servicing accounts that have fallen behind and have been charged off by the lender."[1]

## FACTS SUPPORTING CAUSE OF ACTION

7. On or around January 5, 2022, Defendant began placing calls to Plaintiff's cellular telephone number ending in 4884.

8. Immediately after the calls began, Plaintiff answered a phone call from one of Defendant's representatives to his cellular telephone.

9. Defendant's representative informed Plaintiff that it was looking for "Bhavani," Plaintiff's mother.

10. Plaintiff was perplexed as to why Defendant was calling him because the debt on which Defendant was attempting to collect did not belong to him.

11. Plaintiff notified Defendant that the debt does not belong to him and demanded that Defendant cease calls to his cellular phone.

12. Plaintiff never provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

13. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant continued to place calls to Plaintiff in an effort to compel payment from Bhavani.

---

[1] https://www.midlandcredit.com/who-is-mcm/

2

14. Each call placed to Plaintiff's cellular phone number was an attempt to collect a debt allegedly owed by Bhavani.

15. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. In total, Defendant placed or caused to be placed no less than 10 harassing phone calls to Plaintiff's cellular telephone from January 25, 2022, through February 24, 2022, from the phone number (877) 366-1642.

**DAMAGES**

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges Paragraphs 1-20 of this Complaint as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Upon information and belief, the debt upon which Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

   a. **Violations of FDCPA §1692c**

25. Section 1692c of the FDCPA regulates communication in connection with debt collection.

26. Specifically, §1692c(a)(1) states:

> without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt – at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer...In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian,. . .local time at the consumer's location.
> 15 U.S.C. §1692c(a)(1).

27. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop.

28. This repeated behavior of systematically calling Plaintiff after he demanded that Defendant cease contacting him was harassing and abusive.

29. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that was not his.

4

30. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew that its collection calls were inconvenient to Plaintiff.

**b. Violations of FDCPA §1692d**

31. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

32. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

33. Defendant violated §§1692d and d(5) when it continuously called Plaintiff seeking to collect upon a debt that did not belong to him. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect a debt owed by Bhavani was harassing and abusive.

34. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

35. The fact that Defendant was knowingly placing calls to Plaintiff attempting to collect a debt owed by Bhavani is illustrative of Defendant's intent to harass and annoy Plaintiff, presumably in an effort to either (1) compel payment from Plaintiff to satisfy Bhavani's debt; (2) put pressure on Bhavani to pay the debt she allegedly owes Defendant; or (3) mislead Plaintiff into believing he was financially responsible for Bhavani's debt.

36. Plaintiff notified Defendant that it was calling the wrong person, yet Defendant persisted with its abusive collection practices by placing no less than 10 calls to Plaintiff's cellular phone number from January 25, 2022, through February 24, 2022.

**c. Violations of FDCPA § 1692e**

37. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

38. Defendant violated §1692e by falsely representing, through implication, that Plaintiff was liable for the debt that was allegedly owed by Bhavani when it continued its collection efforts targeted at Plaintiff after it obtained knowledge that Plaintiff's cellular phone number does not belong to Bhavani.

39. Specifically, the continued collection calls to Plaintiff created a false impression that Plaintiff is liable for Bhavani's debt.

**d. Violations of FDCPA §1692f**

40. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

41. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff by placing no less than 10 collection calls to Plaintiff's cellular phone number from January 25, 2022, through February 24, 2022.

42. Defendant unfairly and unconscionably attempted to coerce Plaintiff into paying a debt that does not belong to him by placing relentless phone calls after becoming privy to the fact that it was contacting the wrong person and after Plaintiff had requested that the calls cease.

43. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, VENKATA R. GHANTA, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at evidentiary hearing, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff restates Paragraphs 1-20 as if fully set forth herein.

45. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

46. As stated above, Defendant violated 15 U.S.C. §§ 1692c(a)(1), d(5), e, and f, therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, VENKATA R. GHANTA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c. Awarding the Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as the Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: February 28, 2022                    Respectfully submitted,

                                            **VENKATA R. GHANTA**

                                            By: /s/ Nicholas M. Wajda

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com